(160 App. Div. 8)

### KINSILA v. SHUBERT et al.

(Supreme Court, Appellate Division, Second Department.   December 31, 1913.)

REFERENCE (§ 87*)—REPORT OF REFEREE—REQUEST TO FIND.

> Where there was no showing that defendants' rights could not be fully protected by exceptions, their motion to submit requests for findings after the referee's report had been delivered and judgment entered thereon should be denied, even though their attorneys understood that they would be notified of the report before it was delivered.

> [Ed. Note.—For other cases, see Reference, Cent. Dig. § 133; Dec. Dig. § 87.*]

Appeal from Special Term, Orange County.

Action by Edward B. Kinsila against Lee Shubert and others.  From an order of the Special Term permitting defendants to submit requests to find after the referee had delivered his report and judgment had been entered, plaintiff appeals.  Order reversed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Elbert N. Oakes, of Middletown, for appellant.

Henry Bacon, of Goshen (William Klein, of New York City, on the brief), for respondents.

PER CURIAM.  The plaintiffs appeal from an order of the Special Term that permits the defendants to submit requests to find after the referee to hear and to determine had made, signed, and delivered his report, and judgment had been entered thereon.  The sole ground of the motion was the misapprehension of the defendants' attorneys in acting upon the expectation and understanding that the referee would notify the parties of his decision and of the nature thereof, before deliverance of the report, and that such, they were informed and believed, was the uniform practice.  It does not appear that there was any such understanding between the parties or with the referee.

While we do not decide that the Special Term is powerless to make such an order, we think that it should not have been made in this case.  The attorney but deposes that:

"The rights of deponent's clients will be seriously interfered with if he shall not be permitted to submit to said referee such requests and obtain such ruling."

It does not appear, however, but that the rights of his client may be fully protected by exceptions.  True, we are not informed that exceptions have been filed; but, on the other hand, it does not appear that permission has been sought to file them.

We think that the order must be reversed, with $10 costs and disbursements, and the motion must be denied, with $10 costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes